IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BERTING MARCEAU, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-237-KC |
| § | |
| KRISTI NOEM et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Berting Marceau's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Marceau is held in immigration detention at the ERO El Paso Camp East Montana Detention Facility in El Paso, Texas. Pet. ¶¶ 6, 32. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 54–69; *id.* at 19.

Marceau was paroled into United States on June 8, 2023, pursuant to the Haitian Humanitarian Parole program. *Id.* ¶ 29. Her parole was valid through June 6, 2025, under which she "maintained lawful presence," and she has since applied for asylum and withholding of removal with United States Citizenship and Immigration Services ("USCIS"). *Id.* ¶¶ 30–31. On December 27, 2025, Marceau was arrested by immigration authorities and detained. *Id.* ¶ 32. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Marceau's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–688 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior

decisions and "explain whether the facts of Marceau's case warrant a different outcome." *Id.* at 2.

Respondents argue there is a material difference between *Lopez-Arevelo* and this case. Resp. 1–2. Namely, that Marceau "is an arriving alien who presented herself to a port of entry as an applicant for admission and was seeking admission." *Id.* at 2. They argue that because "[h]umanitarian parole under § 1182(d)(5) 'shall not be regarded as an admission,' [] when upon issuance of an NTA, [she] was required to 'forthwith return to the custody from which he was paroled.'" *Id.* at 3. Thus, "[Marceau] returned to being an arriving alien at the port of entry in Miami." *Id.* As for Marceau's right to procedural due process, Respondents argue that "what Congress provided to [her] by statute satisfied due process." *Id.* at 4–5 (citing *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020)).

However, as explained at length in *Lopez-Arevelo*, a person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government. *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86. And even if Respondents' contention that Marceau is an "arriving alien" is correct as a matter of statutory construction, Marceau's constitutional interest in her liberty exists above and apart from the Immigration and Nationality Act and attendant regulations. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). Here, Marceau was paroled and released into the country, where she has been living at liberty for over two years. Regardless of whether Marceau's parole has expired or been terminated, Respondents may not revoke that liberty without an individualized determination of the need to do so. *See Lopez Arevelo*, 2025 WL 2691828, at *7–11.

As for the rest of Respondents' arguments, the Court has already rejected them. *Compare* Resp. 1–5, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059,

at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.

The Court's conclusion is not changed by the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). Marceau argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, as well as constitutional due process grounds. Pet. ¶¶ 54–69. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Marceau's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, the Petition is denied in part as to the statutory claim. However, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10. And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10. Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance. *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025). Indeed, the Government's counsel stated it bluntly during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3. In sum, *Buenrostro-Mendez* has no bearing on this Court's determination

of whether Marceau is being detained in violation of her constitutional right to procedural due process.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Marceau's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 17, 2026**, Respondents shall either: (1) provide Marceau with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Marceau's continued detention; or (2) release Marceau from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before February 17, 2026**, Respondents shall **FILE** notice informing the Court whether Marceau has been released from custody. If Marceau has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the February 17, 2026, deadlines.**

---

[1] The relevant facts are undisputed, *see* Resp. 2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**SO ORDERED**.

**SIGNED** this 9th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE